RUSSELL B. PHILLIPS AND G. WILLARD PHILLIPS, PARTNERS TRADING AS PHILLIPS BROTHERS, PROSECUTORS-RELATORS, v. TOWN OF BELLEVILLE ET AL., RESPONDENTS-RESPONDENTS.

Submitted October 1, 1946—Decided February 25, 1947.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutors-relators, *Max N. Schwartz* (*Joseph Weintraub*, of counsel).

For the respondents-respondents, *Lawrence E. Keenan* and *Robert C. Gruhin*, intervening with respondents.

The opinion of the court was delivered by

WACHENFELD, J. This writ of *certiorari* brings up for review the actions of the building inspector and Board of Adjustment of Belleville in refusing to issue a permit to prosecutors to erect a motor vehicle service station. There is also a rule to show cause why a writ of *mandamus* should not be issued to compel the granting of the permit.

The prosecutors contracted to purchase several parcels of vacant land located at the southeast corner of Union Avenue and Catherine Street in the Town of Belleville. The property is situated in a business zone which extends for three blocks on the eastern side of Union Avenue and a block less on the western side of Union Avenue. The business zone is very narrow and is situated to serve the surrounding residential A and B zones.

On April 8th, 1946, the prosecutors made an application to the License Bureau of the Department of Revenue and Finance for a gasoline service station—mercantile license, which the Board of Commissioners of the Town of Belleville approved the following day. Thereafter, prosecutors applied to the building inspector for a permit to build a gasoline station on the instant property but he refused to grant the permit and referred the applicants to the Board of Adjustment. The prosecutors immediately appealed to the Board by written petition, and after a regular meeting at which testimony was taken, the Board denied the prosecutors an exception from the zoning ordinance.

There are several ordinances herein concerned. In 1923 the town adopted a zoning ordinance. In section 3, paragraph 15, the ordinance prohibited in business zones a "Motor vehicle service station, except as permitted in section 12." The latter section, after establishing a Board of Adjustment, provides:

"The Board of Adjustment may, in a specific case, after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purpose and intent, without changing the boundaries of

the respective zones as follows: * * * (9) Permit in a business zone, subject to the prohibition of Section 5, the construction, extension, alteration or conversion of a building intended for the storage or repair of motor vehicles or for a motor vehicle service station. No permit shall be issued for a motor vehicle service station in a business zone unless the land upon which said proposed motor vehicle service station is to be constructed shall have a street frontage of at least eighty feet and a minimum depth of at least 100 feet. However, if the land upon which the said proposed motor vehicle service station is to be constructed is located on a corner lot at a street intersection it shall have a minimum dimension of fifty feet by one hundred feet."

The ordinance under which the Board of Commissioners unanimously granted permission to the prosecutors to erect a service station is entitled "An Ordinance Regulating the Location of Buildings Intended to be Used as Motor Vehicle Service Stations" and was adopted on July 9th, 1940. Section 1 of the ordinance reads:

"No building or premises shall be used and no building shall be erected which is arranged, intended or designed to be used as a Motor Vehicle Service Station unless permission is first obtained from the Board of Commissioners of the Town of Belleville."

In July, 1946, the ordinance of July 9th, 1940, was amended so as to permit motor vehicle service stations in business zones only; also by striking from the ordinance of 1923 section 3, paragraph 15, and section 12, paragraph 9, the second July, 1946, ordinance removed from the Board of Adjustment any control over the location of motor vehicle service stations.

The question immediately arises as to the effect of the two ordinances of July, 1946. Although they were enacted subsequent to prosecutors' application, they must be considered in this determination since that law governs which is in effect at the time of the disposition of the cause by the appellate court. *Westinghouse Electric Corp.* v. *United Electrical, &c.,* 139 *N. J. Eq.* 97; *Socony Vacuum Oil Co., Inc.,* v. *Mount Holly Township,* 135 *N. J. L.* 112.

The municipal legislative body by the second July, 1946, ordinance and the prior ordinance of July, 1940, intended to assume sole control of the erection of automobile service stations under its inherent police power. Such control is permissible. *Schnell* v. *Township Committee of Ocean*, 120 *N. J. L.* 194; *First Church, &c.*, v. *Board of Adjustment of Newark*, 128 *Id.* 376; *Finn* v. *Municipal Council of Clifton*, 135 *Id.* 98. See *Weininger* v. *Metuchen*, 133 *Id.* 544; *affirmed*, 134 *Id.* 562.

An ordinance, however, which seeks to accomplish that result must lay down a sufficient norm or standard for the guidance of the municipal council upon which the granting or refusal of a requested permit may depend. *Phillips* v. *East Paterson*, 134 *Id.* 161. Omission of such standard renders the ordinance fatally defective and an invalid exercise of the general police power. *Finn* v. *Municipal Council of Clifton*, *supra*.

There is no such standard included in the ordinance concerned. As enacted, the Board of Commissioners may at will authorize or deny a request for the erection of gasoline stations. Such arbitrary exercise of the police power cannot be upheld.

In brief, by the ordinance of 1923 and the first ordinance of July, 1946, motor vehicle service stations are authorized uses in Belleville in business zones. The Board of Adjustment by the second ordinance of July, 1946, has been completely deprived of all power over the erection and operation of such stations. The ordinance of July, 1940, by which the Board of Commissioners sought to assume control over the erection and operation of service stations, is void. While the latter ordinance is not attacked by the prosecutors since they had obtained the approval of the Board of Commissioners on their application, a determination of its invalidity has been necessary lest this opinion be read as to sanction its inherent defect.

The prosecutors have therefore sought to erect a motor vehicle service station in a zone where such use is authorized and have submitted plans and specifications which admittedly comply with the building code and other pertinent codes

relating to the construction of such structures. The withholding of permits under these circumstances is arbitrary and unjustified.

The action of the Board of Adjustment and building inspector in declining prosecutors' application will be set aside and *mandamus* will issue requiring the building inspector to issue suitable permits.