DAVID KRUGMAN, PROSECUTOR, v. MUNICIPAL COUNCIL
OF THE CITY OF CLIFTON, RESPONDENT.

Argued May 6, 1947—Decided July 22, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Louis J. Razen.*

For the respondent, *John G. Dluhy.*

The opinion of the court was delivered by

WACHENFELD, J. Application is made for writ of *certiorari* to review the action of the respondent in denying prosecutor a permit to erect and operate a gas station. A peremptory writ of *mandamus* is also sought to compel the issuance of the permit.

David Krugman is the owner of a plot of land located on the easterly side of Main Avenue between Park and William Streets in Clifton, New Jersey. The property is situated in residential and business zones but the station concerned would be erected and used only on the portion in the business zone. On April 9th, 1947, he appealed to the Municipal Council of the city for a permit to operate part of the property as a gas station. Both the chief engineer of the fire department and the chief of the police department certified that a gas station on the premises would not create a traffic, fire or other hazard. The Municipal Council, at a public meeting held April 15th, 1947, denied the application after considering the traffic hazard and the proximity of the proposed gasoline station to a dedicated park.

Prior to 1935 the location of motor vehicle service stations was regulated under the general zoning ordinances of

the city and it appears a Board of Adjustment was provided for. Under that ordinance motor vehicle service stations were authorized uses in business zones. In 1935 the City Council assumed full control over the location and operation of such uses. Section 1 of the ordinance prohibited motor vehicle service stations in residential zones. Section 2 prohibited them in business zones "unless permission is first obtained from the Municipal Council," and section 3 denied such permission unless the fire and police departments first certified that such use would not create a fire or traffic hazard.

In *Finn* v. *City of Clifton*, 136 *N. J. L.* 34, the Court of Errors and Appeals declared the ordinance of 1935 invalid either as a zoning ordinance or an ordinance enacted under the general police powers of the municipality.

As a result of that decision the zoning ordinance was amended by prohibiting in business zones certain enumerated uses and industries, which included motor vehicle service stations. The amendment was introduced and passed first reading on April 1st, 1947, which was prior to prosecutor's application. The ordinance was considered at public hearing on April 15th, 1947, and finally passed at a regular meeting of the Council on May 6th, 1947. This amendatory ordinance is applicable to the instant case since the law prevailing at the time of decision by the appellate court is controlling. *Rohrs* v. *Zabriskie*, 102 *N. J. L.* 473; *Socony-Vacuum Oil Co.* v. *Mt. Holly*, 135 *Id.* 112.

Under the zoning ordinance as amended, all discretion has now been removed from the Municipal Council and the prosecutor is left to pursue his appropriate remedies before the Zoning Board of Adjustment for a variance or exception. No such appeal has been made.

It is well settled that *mandamus* will not issue except where the right is clear and the duty ministerial. The prosecutor has not established such right and must follow the practice outlined in *Payne* v. *Sea Bright, &c.*, 14 *N. J. Mis. R.* 756, and *Eastern Boulevard Corporation* v. *West New York*, 124 *N. J. L.* 345.

Application for *certiorari* and *mandamus* is denied but without costs.