Chicago Title & Trust Company, as Trustee Under Trust Agreement Dated November 6, 1956, and Known as Trust No. 38796, and Standard Oil Company, Appellees, v. Village of Palatine, a Municipal Corporations, Robert J. Eppley, Village Manager, Richard Decker, Building Commissioner, et al., Members of Zoning Board of Appeals, Appellants.

Gen. No. 47,568.

First District, First Division.

May 18, 1959.

Released for publication September 15, 1959.

Thomas A. Matthews, Byron S. Matthews, of Chicago, for defendants-appellants.

Norman E. Visal, of Palatine, for plaintiffs-appellees.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

The plaintiffs filed a complaint for a writ of mandamus to compel the defendants to issue a permit for them to construct a gasoline filling station upon prem-

ises owned by them in the Village of Palatine. At the time when the application for the permit was made the use of the premises for a filling station was lawful, but was prohibited by a zoning ordinance upon which public hearings were being held when the application was made and which was passed three weeks afterward. The court ordered the issuance of a writ of mandamus as prayed.

The defendants contend that the mere fact that an application has been made to conduct a business before the ordinance excluding it has been passed does not give the applicant the right to operate the prohibited business. The plaintiffs urge that the rights of the parties crystallized and became firm and fixed on the date when they applied to the building commissioner of the Village of Palatine for a permit to construct the filling station and that any subsequent ordinance passed by the said village would have no effect upon their right to such a permit.

The case was decided on the complaint, answer and a stipulation entered into by the parties with reference to the facts. It appears that the plaintiffs were the owner and lessee of certain real estate located in the Village of Palatine upon which they desired to construct a gasoline filling station. On November 27, 1957 an application for a permit to construct this station was made to one of the defendants, the building commissioner of the defendant village. The application was returned with the request that a change be made in the plans and specifications submitted with the application. On November 29th revised plans and specifications were furnished to the building commissioner and he took no action on the application for a building permit. On November 29th, under the then existing zoning ordinance, a filling station would have been permissible on the premises involved. Prior to May 23, 1957 the village board of trustees and its

266

president had referred to the Zoning Board of Appeals the question of enacting a comprehensive amendment to the zoning ordinance. Subsequent thereto and before the passage of such ordinance many meetings and public hearings extending over a period of several months were held, and the ordinance was filed for public inspection. The ordinance prohibiting a retail gasoline station on the involved premises was passed on December 23, 1957, effective January 12, 1958. After the passage of the ordinance the issuance of the permit was refused. Following this refusal the plaintiffs, on April 8, 1958 appealed to the Zoning Board of Appeals of the village. A hearing was held on April 11th and continued to April 25, 1958, at which time the members of the Zoning Board of Appeals refused to direct the issuance of such permit. Plaintiffs filed their complaint for a writ of mandamus on April 26, 1958. The court on May 14, 1958, after hearing, ordered the writ to issue, from which order this appeal is taken.

We do not consider whether the proper procedure in the instant case would be under the Administrative Review Act (Ill. Rev. Stat. 1957, chap. 110, pars. 264 *et seq.*) rather than a petition for a writ of mandamus. This question was not raised either before the trial court or here.

 The rule of law in this State is that where there has been a substantial change of position, expenditures, or incurrence of obligations made in good faith by an innocent party under a building permit or in reliance upon the probability of its issuance such party has a vested property right and he may complete the utilization of the premises for the purpose originally authorized irrespective of subsequent zoning or a change in zoning classification. People ex rel. Skokie Town House Builders, Inc. v. Village of Morton Grove, 16 Ill.2d 183, citing Fifteen Fifty North

State Building Corp. v. Chicago, 15 Ill.2d 408, and Deer Park Civic Ass'n v. City of Chicago, 347 Ill. App. 346 (petition for leave to appeal denied 412 Ill. 629). Also see Ward v. Village of Elmwood Park, 8 Ill.App.2d 37.

■ In the case before us the plaintiffs contend that when they had filed an application for a permit, the issuance of which would have been valid under the then existing law, the administrative authorities of the municipality had no right to delay taking action on the application. It is their contention that the authorities authorized to deal with permits must under such circumstances forthwith issue the permit and if they do not so act they can take no advantage of subsequently enacted ordinances making the issuance of the permit invalid, and this irrespective of the existence of vested rights. There has been no decision in Illinois on this precise question. However, it has been considered in other jurisdictions, and the rule there laid down is that, while the municipal authority has no right to arbitrarily or unreasonably refuse or delay the issuance of the permit, the issuance may be delayed when there is under consideration or pending an ordinance under which the issuance of the permit would be prohibited. It is our opinion that this rule is supported by reason as well as by authority. Krugman v. Municipal Council of City of Clifton, 53 A.2d 803, 136 N. J. Law Rep. 32; Phillips v. Town of Belleville, 52 A.2d 441, 135 N. J. Law Rep. 271; Nagaven Realties v. Banzhaf, 267 N. Y. S. 729; McEachern v. Town of Highland Park, 73 S.W.2d 487, 124 Tex. 36; Deerfield Realty Co. v. Hague, 151 A. 373, 8 N. J. Misc.; Butvinik v. Jersey City, 142 A. 759, 6 N. J. Misc. R. 803. We are aware that some few jurisdictions do not follow this rule.

■ Under the Illinois statutes (Ill. Rev. Stat. 1957, chap. 24, Article 83, par. 73—2) a municipality,

in order to enact zoning ordinances, must first provide for a zoning commission which shall prepare a tentative report and a proposed zoning ordinance for the entire municipality. Thereupon notice of a hearing must be given to the public either by publication or posting of notice, depending on the population of the municipality. A public hearing must then be held and persons interested afforded an opportunity to be heard. There is a further provision that within thirty days after the adjournment of such public hearing the commission shall make a final report and submit a proposed ordinance for the entire municipality to the corporate authorities, who will then consider it and either pass it or refer it back to the commission for further consideration. Paragraph 73—8 provides that a zoning ordinance may be amended from time to time by ordinance but that no amendment shall be made without a hearing before some commission or committee designated by the corporate authorities. The purpose of zoning, as expressed in the Act, is to limit the rights of a citizen to use his property in order to promote and protect the public health, safety, comfort, morals and welfare of the people. The theory underlying these statutory provisions is that in order to achieve such results there should be a careful and scientific study made by a competent commission and that after the commission has reached a conclusion there should be an opportunity afforded to the public to express their views and make objections if they have any concerning the proposed enactment so that the commission can balance the objections against the advantages and reach a sound final conclusion.

In the instant case there is no question raised as to the reasonableness of the ordinance as finally adopted. It is also the rule that where no time for action on a zoning permit is specified by law a rea-

269

sonable time will be implied. 101 C. J. S. Zoning, sec. 235.

It would be utterly illogical to hold that, after a zoning commission had prepared a comprehensive zoning ordinance or an amendment thereto, which was on file and open to public inspection and upon which public hearings had been held, and while the ordinance was under consideration, any person could by merely filing an application compel the municipality to issue a permit which would allow him to establish a use which he either knew or could have known would be forbidden by the proposed ordinance, and by so doing nullify the entire work of the municipality in endeavoring to carry out the purpose for which the zoning law was enacted. In the case before us it must be assumed that the ordinance prohibited the use of the premises in question for a gasoline station because it was the considered opinion of the municipal authorities that the location of gasoline stations in the area would be harmful to the general welfare of the village. It is worthy of note that in the instant case the ordinance was enacted twenty-four days after the application for a building permit was made by the plaintiffs and that the ordinance was in full force and effect at the time when the order for the writ of mandamus was issued in the trial court.

A. J. Aberman, Inc. v. City of New Kensington, 377 Pa. 520, 105 A.2d 586, is a case very similar to the one before us. In that case the basic question was as to whether the plaintiff was entitled to a building permit for the construction of a shopping center in an area which, when the application for the permit was filed, was in the process of being zoned so as to exclude such a use. The plaintiffs' complaint for mandamus was filed one day before the scheduled meet-

ing of the city council and the public hearing on the final report and recommendations of the zoning commission. The trial court ordered that the writ of mandamus issue on June 8, 1953, the day before the introduction of the zoning ordinance in the city council. Approximately one month later the zoning ordinance was passed. The court says:

"In view of the foregoing decisions, it will hardly be denied that a municipality may properly refuse a building permit for a land use repugnant to a pending and later enacted zoning ordinance even though application for the permit is made when the intended use conforms to existing regulations, provided, of course, that no permit has been issued and relied on, *in good faith,* to the substantial detriment of the holder of the permit. On the very day the appellant applied for its building permit, the zoning commission, which had been officially and publicly created several months earlier, submitted its final report, after hearings, to city council where a still further hearing on the proposed zoning ordinance was scheduled for seven days later. The complaint in mandamus was filed on May 4, 1953, but was not disposed of until June 8th following. Throughout that period the zoning ordinance was pending in city council and two public hearings thereon were held. It is true that the zoning ordinance was not formally introduced in council until June 9th, but it was, nonetheless, finally enacted on July 8th and became effective on July 18th. When the mandamus proceeding was *finally* disposed of by the court below on February 2, 1954, the ordinance had long since been in full force and effect. . . . In the instant case, the City's refusal of the appellant's application for a building permit could have been sustained on the ground of the pendency of the

271

comprehensive zoning ordinance then before council and whose ultimate enactment was virtually but a matter of days."

The court cites with approval Gold v. Building Committee of Warren Borough, 334 Pa. 10, 5 A.2d 367, and Re A. N. "Ab" Young Co. Zoning Case, 360 Pa. 429, 61 A.2d 839, where the same rule was laid down. In its opinion the court distinguishes the case of Kline v. City of Harrisburg, 362 Pa. 438, 68 A.2d 182, where the court sustained an injunction restraining the enforcement of an interim ordinance which prohibited certain uses valid except for the provisions of the interim ordinance, and the court says:

". . . in that case, the planning commission had neither completed its report nor submitted its recommendations to council and, consequently, no zoning ordinance was pending. Here, however, the zoning commission had submitted its final report and recommendations to city council on the very day that the appellant first saw fit to make application for a permit. And, while in the Gold, 'Ab' Young and Mutual cases, supra, the ordinances had been introduced in council when the permits were sought, in the present instance the zoning ordinance was so far advanced in the process of enactment as to come within the rule announced in those cases."

The plaintiffs rely on the case of Phillips Petroleum Co. v. Park Ridge, 16 Ill.App.2d 555. There is nothing in that opinion contrary to the rule herein stated. That case involved the validity of a resolution passed by the city council prohibiting the issuance of permits pending the study by a commission of zoning within the city. The plaintiff applied for a permit on October 19, 1956 and was ready to proceed with construction. The application for the permit was referred by the building commissioner to the city council. On November 6, 1956 the aforesaid resolution was

272

passed by the city council. No permit was issued to the plaintiff and on January 22, 1957 the plaintiff filed a petition for a writ of mandamus. On February 19, 1957 the zoning commission reported a proposed amendment to the zoning ordinance of the city and the council ordered that public hearings be held thereon. The amendment was adopted July 2, 1957. At the time when the trial court entered an order denying the petition for a writ of mandamus on March 22, 1957 no ordinance had been passed. In that case it was held that the city council could not by resolution suspend the operation of the zoning ordinance then in effect in the city, that the only reason for withholding the issuance of the permit was the enactment of the invalid resolution, and consequently its withholding was an unreasonable and arbitrary act. Under the circumstances present in that case the right of the city officials to have a reasonable time to issue the permit was not involved. The court in its opinion also says that the law in Illinois is that there is no vested right in the continuance of a law or ordinance and that where the law or ordinance has been changed pending an appeal the case must be disposed of by the reviewing court upon the law as it then exists, citing Fallon v. Commerce Commission, 402 Ill. 516, and Deer Park Civic Ass'n v. City of Chicago, 347 Ill. App. 346. However, in denying a motion to dismiss the appeal the court took the view that the municipal authorities withheld the permit in the first instance in reliance on the invalid resolution, and the defendants could not take advantage of the fact that the plaintiff had not acquired a vested right since their own wrongful act had prevented the plaintiff from taking any action. In such a case the amendatory ordinance will not be given a retroactive effect. That case is entirely different from the one now before us and is not controlling here.

273

The judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

DEMPSEY and SCHWARTZ, JJ., concur.