SECOND DIVISION
February 7, 2006

No. 1-05-0283

| | | |
|---|---|---|
| YURIY ROPIY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| RAFAEL HERNANDEZ, Director of the | ) | |
| Department of Construction and Permits, | ) | |
| and the CITY OF CHICAGO, a municipal | ) | |
| corporation, | ) | Honorable |
| | ) | Mary Anne Mason, |
| Defendants-Appellees. | ) | Judge Presiding. |

Modified Upon Denial of Rehearing

JUSTICE WOLFSON delivered the opinion of the court:

The question here is whether a property owner's plan to tear down one building and build another was trumped by a proposed change in zoning. Plaintiff, Yuriy Ropiy, filed a complaint for a writ of mandamus, requesting the trial court order defendants, the City of Chicago (City) and Rafael Hernandez, Director of the Department of Construction and Permits, to issue wrecking and building permits for his property. Defendants filed a motion to dismiss pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2004)), contending the permits were properly denied because an amendatory zoning ordinance had been introduced in the Chicago City Council before Ropiy completed purchase of the property. The trial court granted defendants' motion.

On appeal, Ropiy contends: (1) the trial court erred in dismissing his complaint

˘1˘

because he established a vested right to the prior zoning classification; (2) the amendatory zoning ordinance was invalid as applied because he did not receive adequate notice of it, in violation of his due process rights; and (3) the issue of whether he had acquired a vested right was a question of fact. We affirm.

FACTS

In April 2003, Ropiy entered into a contract to purchase property located at 2708 W. Evergreen in Chicago, Illinois, for $159,000. Ropiy intended to tear down a single-family residence located on the property and construct a three-unit residential building in its place. The property was zoned R-4 at the time the purchase contract was signed. It allowed a three-unit building to be constructed. Ropiy says he would not have purchased the property if he had known he could not construct the three-unit building.

On June 4, 2003, Alderman Billy Ocasio proposed an ordinance to change the zoning classification for a particular area from R-4 to R-3. The area included 2708 W. Evergreen. The proposed zoning change would not allow the construction of a three-unit building on the property. The ordinance was published in the Journal of Proceedings for the Chicago City Council on July 9, 2003.

On July 15, 2003, the property was deeded to Ropiy, who then filed a wrecking permit application with the City. Between July and August 2003, Ropiy expended $24,350 on contractors, structural plans, architectural plans, and mortgage costs while preparing to construct the three-unit building. Ropiy recorded his deed and submitted an application for a building permit on August 12, 2003. Ropiy says he was unaware of the proposed zoning ordinance amendment at that time. The permit applications were

held at Alderman Ocasio's request, pending the outcome of the proposed zoning ordinance amendment.

On July 17, 2003, the Committee on Zoning conducted a search of the tax records to determine the property owners affected by the proposed zoning amendment. Henry Ramirez was listed as the taxpayer of record for the property. On February 19, 2004, the City sent letters notifying taxpayers on the list about a public hearing to be held on the proposed zoning amendment March 25, 2004. Ropiy did not receive a letter, and a notice was not posted on his property regarding the proposed zoning change. After conducting the hearing, the City Council passed the zoning ordinance amendment on March 31, 2004. It became effective after it was published on May 5, 2004.

Pavel Smelyansky, Ropiy's agent, regularly spoke with Alderman Ocasio's office regarding when the wrecking and building permits would be issued. Smelyansky was told any delay in the issuance of the wrecking and building permits was due to an "aldermanic hold." Smelyansky was never told the permits would not be issued because of a pending ordinance intended to change the zoning for the property.

On September 22, 2004, Ropiy filed a verified complaint for a writ of mandamus, requesting that the trial court order the Building Department and the City to issue wrecking and building permits for the property. Defendants filed a section 2-619(a)(9) motion to dismiss, contending the permits were properly held, then denied, because an ordinance changing the zoning and precluding the planned development had been introduced before Ropiy purchased the property.

1-05-0283

In response, Ropiy contended the pending ordinance doctrine did not apply because he had established a vested property right when he applied for the permits.

On November 1, 2004, the trial court granted defendants' motion to dismiss, noting:

> "plaintiff did not have a property interest prior to the time the ordinance was introduced in the City Council, did not own the property prior to the time the ordinance was introduced -- the amendment was introduced, acquired the property thereafter and although he may have been subjectively unaware of the pending change, the fact of the matter is the introduction of the proposed amendment was of public record and, therefore, I believe he had constructive knowledge."

The trial court concluded any other result would "throw the predictability of changes to municipal zoning ordinances into absolute chaos." Ropiy then filed a motion to reconsider the order. It was denied by the trial court.

DECISION

I. Vested Rights

On appeal, Ropiy contends the trial court erred in granting the defendants' motion to dismiss because he had acquired a vested right in the permits.

Section 2-619(a)(9) allows dismissal of a claim when the claim asserted "is barred by other affirmative matter avoiding the legal effect of or defeating the claim."

735 ILCS 5/2-619(a)(9) (West 2004). "'The phrase 'affirmative matter' refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint.'" Poulet v. H.F.O., L.L.C., 353 Ill. App. 3d 82, 89-90, 817 N.E.2d 1054 (2004), quoting Gillson v. City of Marion, 188 Ill. 2d 211, 220, 720 N.E.2d 1034 (1999). We review de novo an order granting a section 2-619(a)(9) motion to dismiss. Poulet, 353 Ill. App. 3d at 89-90.

Generally, there is no vested right in the continuation of a zoning classification. Furniture L.L.C. v. City of Chicago, 353 Ill. App. 3d 433, 437, 818 N.E.2d 839 (2004); 1350 Lake Shore Associates v. Mazur-Berg, 339 Ill. App. 3d 618, 631, 791 N.E.2d 60 (2003). A legislative body has the right to amend a zoning ordinance (Constantine v. Village of Glen Ellyn, 217 Ill. App. 3d 4, 23, 575 N.E.2d 1363 (1991)), and a municipality may properly refuse to issue a permit for construction when an amendatory ordinance is pending that would prohibit the proposed building development (American National Bank & Trust Co. of Chicago v. City of Chicago, 19 Ill. App. 3d 30, 33, 311 N.E.2d 325 (1974)).

There are, however, circumstances where a party may obtain a vested right to develop its property in accord with a particular zoning ordinance, despite an amendment. 1350 Lake Shore Associates, 339 Ill. App. 3d at 631. Our supreme court has recognized:

"'[W]here there has been a substantial change of position, expenditures or incurrence of obligations made in good faith

by an innocent party under a building permit or in reliance upon the probability of its issuance, such party has a vested property right and he may complete the construction and use the premises for the purposes originally authorized, irrespective of subsequent zoning or a change in zoning classification.'" Pioneer Trust & Savings Bank v. County of Cook, 71 Ill. 2d 510, 522-23, 377 N.E.2d 21 (1978), quoting People ex rel. Skokie Town House Builders, Inc. v. Village Morton Grove, 16 Ill. 2d 183, 191, 157 N.E.2d 33 (1959).

A property owner acquires a vested right to the continuation of a particular zoning classification where substantial expenditures or obligations were made or incurred in good-faith reliance on the prior classification and the probability of issuance of building permits. Furniture L.L.C., 353 Ill. App. 3d at 438; 1350 Lake Shore Associates, 339 Ill. App. 3d at 632; Tim Thompson, Inc. v. Village of Hinsdale, 247 Ill. App. 3d 863, 875-76, 617 N.E.2d 1227 (1993). There is no bright-line rule for determining whether expenditures have been made in good faith reliance; however, expenses are clearly not incurred in good faith if a property owner has knowledge or notice of the proposed zoning change. Furniture L.L.C., 353 Ill. App. 3d at 438; 1350 Lake Shore Associates, 339 Ill. App. 3d at 632; Tim Thompson, Inc., 247 Ill. App. 3d at 876.

"Although property owners have a right to rely upon the classification of their property and know that the classification will not be changed unless required for the

public good, they also acquired their property knowing that amendments could be made to the ordinance within the limits of the law." Thompson v. Cook County Zoning Board of Appeals, 96 Ill. App. 3d 561, 577, 421 N.E.2d 285 (1981).

Parties claiming entitlement to a vested right, as Ropiy does, have the burden of proving "a clear right that they had, while acting in good faith, expended substantial sums and incurred substantial obligations." People ex rel National Bank of Austin v. County of Cook, 56 Ill. App. 3d 436, 447-48, 206 N.E.2d 441 (1965). See also 1350 Lake Shore Associates v. Casalino, No. 1-04-3379, slip op. at 12 (December 28, 2005) (The weight of authority places the burden of proof on the party claiming an entitlement to a vested right.)

Ropiy contends he had no knowledge of the zoning amendment proposal prior to making the expenditures. Defendants counter the proposal was a matter of public record and, therefore, he had constructive notice of the ordinance. Defendants contend even if the expenditures were substantial, they were not incurred in good-faith reliance because Ropiy should have been aware of the proposed zoning change prior to acquiring the property.

Constructive notice is defined as "'[n]otice arising by presumption of law from the existence of facts and circumstances that a party had a duty to take notice of ***; notice presumed by law to have been acquired by a person and thus imputed to that person.'" LaSalle National Bank v. Dubin Residential Communities Corp., 337 Ill. App. 3d 345, 352, 785 N.E.2d 997 (2003), quoting Black's Law Dictionary 1088 (7th ed. 1999).

No case has directly addressed whether the introduction and publication of a

proposed ordinance alone is sufficient to negate a property owner's good faith reliance on the issuance of a building permit. However, Illinois courts have recognized expenditures are not incurred in good faith reliance on a previous zoning classification if the property owner had constructive knowledge of the proposed zoning change.

In Kramer v. City of Chicago, 58 Ill. App. 3d 592, 597, 374 N.E.2d 932 (1978), the court held the plaintiff had not substantially changed his position or expended substantial sums of money in reliance upon the probable issuance of a building permit in 1976 when he obtained a lease and mortgage commitment because the Lakefront Protection Ordinance had been in effect since 1973; if the plaintiff did not have actual notice of the ordinance, he was bound to have constructive notice of it.

In Tim Thompson, Inc., the court rejected the plaintiff's contention that it had a vested right in the continuation of a prior, less restrictive zoning classification. On August 31, 1988, a public notice was published expressly stating a public hearing would be held for the purpose of considering the repeal and replacement of the Hinsdale zoning ordinance. The notice also stated the proposed change could affect the zoning classification and use of any or all property in Hinsdale. All of the plaintiff's expenditures on the property were made after the August 31 publication date. There was no claim the plaintiff had actually seen or heard about the notice.

Assuming any expenses incurred were substantial, the court held they were made with constructive notice of the proposed zoning change. Tim Thompson, Inc., 247 Ill. App. 3d at 876. By having constructive notice of the proposed zoning change prior to incurring any obligations, the plaintiff failed to establish a vested interest in the

continuation of the prior zoning classification. Tim Thompson, Inc., 247 Ill. App. 3d at 876. In 1350 Lake Shore Associates, the court noted "expenses which a property owner incurs with knowledge that an amendatory ordinance, pursuant to which the intended use would not be permitted, is pending, are not incurred in good faith reliance." 1350 Lake Shore Associates, 339 Ill. App. 3d at 632-33. The court held the expenses incurred on the plaintiff's behalf "after the down-zoning ordinance was introduced" in December 1997 could not have been in good faith reliance on the issuance of a building certificate. 1350 Lake Shore Associates, 339 Ill. App. 3d at 632-33. Because evidence suggested the plaintiff was actually aware as early as November 1997 that an amendatory ordinance would be introduced, the court remanded the case with directions for the trial court to determine exactly when the plaintiff knew or should have known the ordinance would probably be introduced. 1350 Lake Shore Associates, 339 Ill. App. 3d at 640.

By contrast, in Industrial National Mortgage Co. v. City of Chicago, 95 Ill. App. 3d 665, 420 N.E.2d 581 (1981), the court affirmed the trial court's determination that the plaintiff had acquired a vested right to use the property as provided by the previous zoning ordinance because substantial expenditures were made "prior to notice of a proposed change in the premises' zoning classification and before the amendatory ordinance was introduced in the City Council." (Emphasis added.) Industrial National Mortgage Co., 95 Ill. App. 3d at 671.

Here, the facts established that on June 4, 2003, Alderman Ocasio proposed an ordinance to change the zoning classification for the property from R-4 to R-3. The

proposal was published in the Journal of Proceedings for the Chicago City Council on July 9, 2003. Plaintiff completed the purchase and received the deed to the property on July 15, 2003, and then expended $24,350 between July and August 2003 while preparing to construct the three-unit building. Therefore, unlike the property owner in Industrial National Mortgage Co., all of plaintiff's expenditures were made after the amendatory zoning ordinance was introduced in the City Council and published in the Journal of Proceedings. See Industrial National Mortgage Co., 95 Ill. App. 3d at 671.

Ropiy contends he incurred a substantial obligation prior to the introduction of the proposed ordinance by signing an unconditional contract to purchase the property in April 2003. Ropiy, however, conceded during the hearing on the City's motion to dismiss that his rights did not vest until he received the deed to the property on July 15.

The purchase contract was not included in the record. Because we are unable to review the terms of the purchase contract, we cannot conclude it created a substantial obligation. See Palanti v. Dillon Enterprises, Ltd., 303 Ill. App. 3d 58, 66, 707 N.E.2d 695 (1999) ("Arguments made by an appellant which depend on facts which are not contained in the record are not sustainable on appeal").

We also note developers like Ropiy have a right to protect themselves from zoning changes when they negotiate a purchase contract.

While Ropiy contends he was unaware of the proposed ordinance when he purchased the property and made the expenditures, he does not contend the introduction of the ordinance was kept secret. We assume the fact that the proposed ordinance was introduced on June 4, 2003, and published in the Journal of Proceedings

on July 9, 2003, was a matter of public record. Where no affirmative acts of deception have occurred, "matters which are of public record serve as constructive notice." De Kalb Bank v. Purdy, 166 Ill. App. 3d 709, 725, 520 N.E.2d 957 (1988). Therefore, assuming any expenses or obligations incurred by plaintiff were substantial, we find they were made with constructive notice of the proposed amendatory zoning ordinance. See Tim Thompson, Inc., 247 Ill. App. 3d at 876; Kramer, 58 Ill. App. 3d at 597.

Ropiy contends the mere introduction of a proposed ordinance before the City Council does not definitively determine whether he was charged with knowledge sufficient to defeat his vested rights claim. We disagree.

In support of his contention, Ropiy relies on Furniture L.L.C. The plaintiff, Furniture, purchased a vacant lot for $12.5 million in October 1997 with the intention of building a residential structure. In December 1998, Furniture retained an architectural firm to draft detailed plans for the construction of a residential high-rise building. In March 1999, however, Alderman Matlak proposed an ordinance to the City Council to create a planned manufacturing district in the Halsted Triangle area, which included Furniture's property. Under the new zoning ordinance, Furniture would not have been allowed to construct a residential building. Alderman Matlak sent a letter to the zoning administrator requesting the City hold all building permits in the area while the ordinance was pending.

On June 11, 1999, Furniture received actual notice of the proposed ordinance. Furniture, however, continued to make expenditures on the property during the summer of 1999. On February 7, 2001, the Halsted Triangle area was rezoned as a C-5 district,

which excluded residential uses of the property. Furniture then filed a verified complaint for declaratory and injunctive relief, arguing it had acquired a vested right to complete the residential project. The trial court found Furniture had acquired a vested right to develop the property and enjoined the City from withholding the issuance of any permits.

Affirming the order, this court held Furniture had made substantial expenditures through June 1999, when it was finally put on notice of the proposed zoning changes. Furniture L.L.C., 353 Ill. App. 3d at 442. Even though the ordinance was introduced in March 1999, we held it was undisputed Furniture "was not put on notice of the possibility that the zoning for the Halsted Triangle could change until June 1999." Furniture L.L.C., 353 Ill. App. 3d at 442.

The court was not asked to consider whether Furniture had constructive notice of the amendment when it was introduced in March 1999. The City did not contend Furniture had constructive notice of the proposed zoning ordinance when it was introduced. Instead, the City relied only on the actual notice of the proposed change received by Furniture in June 1999. Constructive notice was not an issue in the case. Because the court never considered the impact of constructive notice on Furniture's vested rights claim, we find Furniture L.L.C. does not control in this case.

Ropiy contends imputing constructive knowledge on all property owners of any introduced change in zoning would potentially allow municipalities to freeze their property rights indefinitely while a proposed change in zoning was awaiting action.

A municipal authority can delay issuance of a permit while a zoning amendment

is pending, but it "'has no right to arbitrarily or unreasonably refuse or delay the issuance of the permit.'" 1350 Lake Shore Associates v. Hill, 326 Ill. App. 3d 788, 796, 761 N.E.2d 760 (2001), quoting Chicago Title & Trust Co. v. Village of Palatine, 22 Ill. App. 2d 264, 268, 160 N.E.2d 697 (1959). Indefinitely postponing the issuance of a building permit under the pending ordinance doctrine would be viewed as an arbitrary or unreasonable delay.

After the proposed amendatory ordinance was introduced to the City Council on June 4, 2003, and published in the City Council's Journal of Proceedings on July 9, 2003, Ropiy was properly charged with constructive knowledge of the proposed zoning change. As a developer, Ropiy should have checked the status of a proposed zoning change before making any substantial investments in the property. See Wakeland v. City of Urbana, 333 Ill. App. 3d 1131, 1143, 776 N.E.2d 1194 (2002) ("Like any legislation, zoning ordinances can be amended, and one buys land with that understanding.")

We find Ropiy's expenditures, even if substantial, were not made in good faith reliance on the prior classification because all of his expenditures were made after he had constructive knowledge of the proposed zoning change. We conclude the trial court did not err in dismissing his mandamus action.

II. Due Process

Ropiy contends the zoning amendment is invalid as applied because the City failed to provide him with adequate notice of the amendment, in violation of his right to procedural due process. He also contends the trial court erred in granting the City's

motion to dismiss without addressing his due process arguments.

We note, however, that Ropiy's complaint sought only a writ of mandamus to compel the Building Department and the City to issue a wrecking permit to demolish the presently existing structure and a building permit to allow the construction of a three-unit building in its place.  The complaint does not contend the zoning ordinance was invalid because of inadequate notice or any other reason.  We are not inclined to impose any additional notice requirements on the city council in this mandamus action.

Mandamus is an extreme remedy used to compel a public official to perform a nondiscretionary, ministerial duty.  Owens v. Snyder, 349 Ill. App. 3d 35, 39, 811 N.E.2d 738 (2004).  To prove a legal right to relief by mandamus, the complaint must demonstrate a clear right to the requested relief, the respondent's clear duty to act, and the respondent's clear authority to comply with the terms of the order.  Owens, 349 Ill. App. 3d at 39.  Despite the remedy's extraordinary nature, the same pleading rules apply in mandamus actions as in other actions at law.  Noyola v. Board of Education of the City of Chicago, 179 Ill. 2d 131, 133, 688 N.E.2d 81 (1997).

"A party must recover, if at all, according to the case he has made for himself by his pleadings.  Proof without pleadings is as defective as pleadings without proof." American Standard Insurance Co. v. Basbagill, 333 Ill. App. 3d 11, 15, 775 N.E.2d 255 (2002).  But see Glisson v. City of Marion, 188 Ill. 2d 211, 224, 720 N.E.2d 1034 (1999) (although plaintiff failed to raise article XI, section 2, as a basis for standing in his complaint, lack of standing was an affirmative defense defendant beared the burden of proving; consequently, plaintiff properly raised the argument in response to defendants'

section 2-619(a)(9) motion.)

Although Ropiy raised his due process contentions in response to defendants' motion to dismiss, he never pled the theory in his complaint for mandamus. Unlike Glisson, defendants were not required to prove the zoning ordinance was valid in order to defeat Ropiy's mandamus action. Instead, defendants only had to establish Ropiy did not have a vested right to the permits. After the trial court concluded Ropiy could not acquire a vested right to the permits, it properly dismissed the complaint.

While Ropiy contends he did not raise the due process issue because he was unaware of the amendment when he filed the complaint, he could have sought leave of court to amend his pleadings at any time prior to final judgment. See 735 ILCS 5/2-615(a) (West 2004).

We conclude the trial court did not err in dismissing Ropiy's complaint without addressing his due process contentions, and it is unnecessary to address Ropiy's due process contentions on appeal.

CONCLUSION

We affirm the trial court's order granting defendants' section 2-619(a)(9) motion to dismiss Ropiy's complaint for a writ of mandamus.

Affirmed.

SOUTH, and HALL, JJ., concur.