## A. N. "Ab" Young Company Zoning Case.

Argued October 1, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Walter W. Riehl,* for appellant.

*William J. Kenney,* with him *Samuel A. Schreiner* and *Rose, Eichenauer, Stewart & Rose,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 8, 1948:

The question raised by this appeal is whether a property owner has the right to obtain a permit for the erection of a building where the location of the building on the lot complies with *existing* law but conflicts with the terms of a *proposed* [but later enacted] zoning ordinance.

The A. N. "Ab" Young Company, appellant, a Pennsylvania corporation, owned 15 lots of ground in Mt.

Lebanon Township, Allegheny County, plotted on a recorded plan of lots. All the lots are included within District U-2 Class A of township ordinance No. 594. Such classification permits the erection of dwellings designed for occupancy by not more than two families. *In the fall of 1946* appellant was granted a building permit and constructed seven double dwellings wholly or in part on lots Nos. 31 to 34 inclusive, numbered Nos. 488 to 500 inclusive. In this erection the lines of the plotted lots were disregarded but it is conceded that the buildings conform to ordinance No. 594.

On *March 27, 1947,* appellant applied for a permit to erect a double house *on lot 31,* which already had parts of premises Nos. 488 and 490 thereon. The permit was at first granted by the inspector but was later revoked by the board on April 17, 1947. No appeal was taken by appellant.

On *May 1, 1947,* ordinance No. 1380, amending ordinance No. 594, was introduced before the township commissioners. *The amendment provided that not more than one building should be erected upon separate and distinct numbered lots.* Statutory notice and publication were made. On *June 5, 1947,* appellant again applied for a permit for the same structure on the same lot. On *July 10, 1947,* the board again refused the permit. Its action was predicated, inter alia, upon the fact that *an amendatory zoning ordinance was then pending.* The effective date of the amendatory ordinance was *July 28, 1947.* It is conceded that the proposed building would violate the zoning ordinance No. 1380, because lot No. 31, in addition to the proposed building, would have erected upon it parts of buildings No. 488 and No. 490.

Appellant contends that because it had filed its application for a permit *prior to the effective date of the amendatory ordinance* it acquired a vested right to secure the permit, which right could not be taken away retroactively.

It is well established in this Commonwealth that where an applicant for a building permit complies with the laws in effect at the date of application, and is granted a permit, and proceeds in good faith to incur obligations and to build in reliance thereon, the authorities may not revoke the permit because of subsequent changes by amendment made or proposed: *Herskovits et ux. v. Irwin et al.,* 299 Pa. 155, 149 A. 195. Chief Justice MOSCHZISKER said in that case, p. 162: ". . . a property interest arises where, after permit granted, a landowner begins construction of a building and incurs liability for future work." In that case the applicant had expended substantial sums in reliance on a *preliminary permit* issued to him. It was held that the refusal to grant a "final" permit, because of a subsequent ordinance, could not be sustained. In *Gold v. Building Committee of Warren Borough et al.,* 334 Pa. 10, 5 A. 2d 367, an application was made for a permit to erect a gasoline station on a designated lot which, on the date of application, complied with the borough's zoning law. The application was refused because there was pending an ordinance which would prohibit the erection of such a structure on such lot. Application was made to the court of common pleas for a mandamus against the borough building committee compelling them to issue the permit. The court refused to award the writ of mandamus, despite the fact that the ordinance was passed during the proceedings but before the decree. In that case no improvements had been made on the lot or any money expended in connection therewith. See: *Ventresca v. Exley,* 358 Pa. 98, 103, 56 A. 2d 210. There are cases from other jurisdictions holding that a mere application for a permit confers no *vested right* as of that time, and an application may be refused or permit vacated because of an ordinance passed after the date of the application: *Spector v. Building Inspector of Milton,* 250 Mass. 63, 145 N. E. 265; *Brett v.*

*Building Commissioner of Brookline,* 250 Mass. 73, 145 N. E. 269; *McEachern v. Town of Highland Park et al.* (Tex.), 34 S. W. (2d) 676; *Cayce v. Hopkinsville et al.,* 217 Ky. 135, 289 S. W. 223; *Wheat et ux. v. Barrett* (Calif.), 290 Pac. 1033; *Baxley v. Frederick et al.* (Okla.), 271 Pac. 257; *Berger v. City of Salem et al.* (Ore.), 284 Pac. 273; *Rohrs v. Zabriskie et al.* (Sup. Court of N. J.), 133 Atl. 65; *In re Cherry,* 193 N. Y. Supp. 57; *Gulf Refining Co. v. McKernan* (N. C.), 102 S. E. 505; unless the holder of a permit previously issued does something of a substantial character toward construction, in good faith, before the enactment of the new zoning ordinance: *City of Lansing et al. v. Dawley* (Mich.), 225 N. W. 500; *People ex rel. Ortenberg v. Bales,* 229 N. Y. Supp. 550, 250 N. Y. 598, 166 N. E. 339.

Appellant contends that he expended money for the preparation of a plan prior to the date of the application for permit and hence possessed a vested right to have the permit issued to him. With this we cannot agree. There is nothing in the testimony to disclose that when appellant applied and secured a permit for 7 dwellings in 1946, the additional dwelling now sought to be erected was part of the original building operation. Unlike the facts in *Herskovits v. Irwin,* supra, the permit issued in 1946 for 7 dwellings was not, and did not purport to be, for a building operation of which the 7 houses were only a part, to be followed by additional houses. No permit was ever issued *upon the present application* for the building now sought to be erected. Appellant did *not* improve the lot, or make expenditures, in reliance upon a permit which had been theretofore issued. On the contrary, when the present application was made appellant had notice of the pending ordinance and also knew that his prior application had been refused.

Decree affirmed at appellant's cost.