## Lened Homes, Inc. *v.* Philadelphia Department of Licenses and Inspections, Appellant.

Argued May 25, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*James L. Stern*, Deputy City Solicitor, with him *Jacob J. Siegal* and *Richard H. Markowitz*, Assistant City Solicitors, and *David Berger* and *Abraham L. Freedman*, City Solicitors, for appellant.

*Edmund B. Spaeth, Jr.*, with him *Homer H. Hewitt, III*, *Frederick L. Fuges*, and *MacCoy, Evans & Lewis*, for appellee.

OPINION BY MR. JUSTICE BELL, June 25, 1956:

This is an appeal by the defendant, the Department of Licenses and Inspections of the City of Philadelphia, from an order dismissing defendant's petition to open a summary judgment entered on November 11, 1955. The facts are unusual.

Plaintiff, a building corporation, purchased on April 1, 1954, a tract of land in the City of Philadelphia for the purpose of constructing row houses upon it. At that time the zoning ordinance of the City of Philadelphia permitted the construction of row houses. On June 24, 1954, the City amended the zoning ordinance to prohibit row houses in "A" Commercial Districts, which this was. On March 10, 1955, plaintiff filed an application for a permit for the erection of fifty-five single family attached dwellings along Lened Street. Plaintiff's application was refused and on appeal to the Zoning Board of Adjustment the refusal was sustained. Plaintiff then appealed to the Court of Common Pleas No. 2 of Philadelphia County. On September 25, 1955, the amendatory ordinance of June 24, 1954 was declared invalid. See *Kelly v. Philadelphia*, 382 Pa. 459, 115 A. 2d 238. The record in this case was then remanded by the Court of Common Pleas to the Zoning Board of Adjustment for disposition in accordance with the existing valid zoning ordinance which permitted the construction of row houses. ...

Three days later plaintiff again requested the issuance of building permits in accordance with the order of the Court of Common Pleas. The Zoning Board of Adjustment failed or refused to issue the building permits. The Zoning Board of Adjustment on October 7, 1955 filed exceptions to the order of the Court of Common Pleas, which were stricken off by that Court (on plaintiff's motion) on November 2, 1955. In the meantime, on October 6, 1955, an amendatory ordinance was again introduced in Council, which prohibited the erection of row houses in the district in question; this ordinance was enacted and approved by the Mayor on November 16, 1955. In the meantime, plaintiff filed with the court below its complaint in mandamus to compel the issuance of a building permit and the court below entered summary judgment in favor of plaintiff on November 11, 1955.

The question involved is whether under the unusual facts above set forth the lower court abused its discretion in refusing to open the judgment.

While a summary judgment can be entered only in a case that is clear and free from doubt: *Downes v. Hodin*, 377 Pa. 208, 214, 104 A. 2d 495, the present proceeding is sufficiently like a proceeding to open a judgment by default and will be governed by the same principles.

A petition to open a judgment by default is addressed to the sound discretion of the court below and is essentially an equitable proceeding ruled by equitable principles, and petitioner must aver not only the existence of a valid defense, but equitable considerations which appeal to the conscience of the Chancellor.

The decision of the lower court will be reversed on appeal only when there has been a clear or manifest abuse of discretion: *Morrisville v. Sun Ray Drug Co.*, 381 Pa. 576, 581, 112 A. 2d 183; *Downes v. Hodin*, 377

Pa. supra; *McCune v. Gross,* 377 Pa. 360, 105 A. 2d 367; *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691.

In *Lord Appeal,* 368 Pa. 121, 81 A. 2d 533, we said: "an owner of property is still entitled in Pennsylvania to certain unalienable constitutional rights of liberty and property. These include a right to use his own home [or property] in any way he desires, provided he does not (1) violate any provision of the Federal or State Constitutions; or (2) create a nuisance; or (3) violate any covenant, restriction or easement; or (4) violate any laws or zoning or police regulations which are constitutional."

In *Shapiro v. Zoning Board of Adjustment,* 377 Pa. 621, 105 A. 2d 299, this Court held that a zoning ordinance, when applied retroactively to plaintiff's property, was special legislation and unconstitutional. Mr. Justice JONES, in his opinion, said:

"The plaintiff's use permits having been applied for and issued as a matter of right under existing law and the subsequent amendatory ordinance being incapable of affecting them, the permits stand wholly unimpaired and must be so recognized by the municipal authorities. As Mr. Chief Justice VON MOSCHZISKER had occasion to declare in Herskovits v. Irwin, 299 Pa. 155, 160, 149 A. 195,—'. . . the original application in the present case was made before the amending ordinance here in question was even drafted, and it is not denied that the plans, so far as they went, complied with all existing legal requirements. Under such circumstances, the action of the inspector in issuing a permit was a mere ministerial duty, which permitted of no discretion and could be enforced by mandamus: Coyne v. Prichard et al., 272 Pa. 424, 427; Wright v. France, 279 Pa. 22, 25-6. If a permit cannot rightfully be refused in the first instance, it cannot be arbitrarily revoked after issuance: General Baking Co. v. Street Commissioners

of Boston, 242 Mass. 194, 196-7, 136 N.E. 245, 246; State ex rel. Grimmer v. Spokane, 64 Wash. 388, 394, 116 Pac. 878, 880.'. . ."

Justice JONES then distinguished *Aberman v. New Kensington*, 377 Pa. 520, 105 A. 2d 586, on which the City relies in this appeal, on the ground that in the Aberman case "the building permit was not obtained in good faith but merely in anticipation of the contemplated enactment of a general zoning law and in an effort to circumvent it. In the Aberman case, the owner did not apply for a building permit until the very day a comprehensive zoning ordinance for the entire city had been submitted to council following several months' study and consideration of the matter by a duly created zoning commission which had held public hearings upon proper notice and had submitted to council a final report along with the proposed ordinance. A building permit having been refused by the city clerk, the court in mandamus ordered the permit to issue but later rescinded its order as having been 'inadvertently' entered. The applicant in that case acted with inordinate and unwarranted haste in making expenditures during the few days the contested permit was outstanding before a stay thereof was ordered by the court and, accordingly, had no vested right in the permit."

We are of the opinion that facts in the instant case more nearly approach the *Shapiro* case than the *Aberman* case and fall within the principles enunciated in the *Shapiro* case.

Order affirmed, each party to pay its own respective costs.