Shender *v.* Zoning Board of Adjustment (et al., Appellant).

Argued November 26, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Irvin Stander,* for intervenor, appellant.

*James L. Stern,* Deputy City Solicitor, with him *David Berger,* City Solicitor, and *Matthew W. Bullock, Jr.,* Assistant City Solicitor, for intervening appellant.

*Elliott Unterberger,* for appellee.

Opinion by Mr. Justice Arnold, April 15, 1957:

Horace F. Janney, intervenor below, appeals from the order of the court below which reversed the decision of the Zoning Board and directed issuance of permits applied for by appellee. The City of Philadelphia is intervening appellant.

When appellee, Shender, purchased the land it was zoned partly "C" residential and partly "A" commercial. Under that classification the construction as applied for by Shender was permissible on the facts stipulated before the court. His application was denied however, on the strength of an ordinance enacted shortly after his purchase which changed the classification to "B" residential. This ordinance had been enacted with only eight days notice prior to public hearing. On July 27, 1955, this Court in *Kelly v. Philadelphia,* 382 Pa. 459, 115 A. 2d 238, held that such an ordinance was invalid if less than fifteen days' notice had been given. Thus the ordinance changing classification of Shender's land was ineffective. Subsequent to the *Kelly* case on October 16, 1955, he filed another application for construction which, by stipulation, was agreed to conform to the requirements of the original classification. This was refused by the Zoning Division of the Department of Licenses and Inspections on the strength of the invalid ordinance.

Shender appealed to the Zoning Board, and hearing was set for November 9, 1955, at which time the intervenor, Horace F. Janney, obtained continuance. On November 17, 1955, an amendatory ordinance to change the classification to "B" residential was introduced. On November 28, 1955 the Zoning Board denied the permit, after hearing had on November 22, and Shender filed his appeal in the court below on December 13,

1955. The amendatory ordinance was enacted December 30, 1955.

The court below held that the original amendatory ordinance ". . . was invalid for insufficient advertising. . .," found that ". . . as of the time the permits were requested, the second amendatory ordinance had not been passed" and as of that time ". . . the requested use was permissible . . ." It thereupon held that ". . . the facts here more nearly approach the Shapiro case . . ." [*Shapiro v. Zoning Board of Adjustment*, 377 Pa. 621, 105 A. 2d 299], and ordered the grant of the permits.

All of the facts set forth above were stipulated by the parties below, and appellant, Janney, who became intervenor below after such facts were so stipulated, did not question their accuracy in that court. However, on this appeal he attacks the stipulation that the construction applied for satisfied the requirement of "C" residential and "A" commercial. His contention is that it does not, and that such stipulation was an error of law not binding on the parties.

As heretofore pointed out, appellant, Janney, raised no such question in the court below. Be that as it may, he cannot sustain his position. First, examination of the requirements of the zoning ordinance and Shender's application sustain the accuracy of the stipulation on facts. Second, as an intervenor, he was bound by the stipulation since he takes the suit as he finds it: *Commonwealth ex rel. Chidsey v. Keystone Mutual Casualty Co.*, 366 Pa. 149, 76 A. 2d 867.

However, the court below erred on another ground. In *A. J. Aberman, Inc. v. New Kensington*, 377 Pa. 520, 527, 528, 105 A. 2d 586, we held that ". . . a municipality may properly refuse a building permit for a land use repugnant to a pending and later enacted zoning ordinance even though application for the per-

mit is made when the intended use conforms to existing regulations, provided, of course, that no permit has been issued and relied on, *in good faith,* to the substantial detriment of the holder of the permit." The mere application confers no vested right as of that time: *A. N. "Ab" Young Co. Zoning Case,* 360 Pa. 429, 61 A. 2d 839. Here, the city had declared its intention to so restrict this area some two years prior to the application. But for the technical defect of notice, the ordinance establishing it as a "B" residential area was proper. As soon as this problem arose, and while appellee's application was before the Board, the city proceeded with the second amendatory ordinance. No permit had been "issued and relied on, *in good faith,* to the substantial detriment of the holder of the permit." This is not governed by either the case of *Shapiro v. Zoning Board of Adjustment,* supra, or *Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections,* 386 Pa. 50, 123 A. 2d 406, where the facts were such as to require the issuance of the permit. This case is controlled by the law and facts set forth in *A. J. Aberman, Inc. v. New Kensington,* supra, and the permit must be denied.

Nor is this invalid as special legislation directed at the particular property, as contended by appellee. The original amendatory ordinance applied to all land in the area, of which appellee's premises were only a part; and the classification suited the area.

Order reversed, costs to be paid by appellee Harry M. Shender.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

The initial facts in this case are clearly stated in *Shender v. Philadelphia,* 375 Pa. 596, 597, 101 A. 2d 667:

"Plaintiff is the owner of a tract of land in the City of Philadelphia, which had been re-zoned by ordinance of counsel [sic] dated December 31, 1952. Prior to the passage of the said ordinance, the plaintiff had prepared plans for the erection of buildings upon the land in conformity with the then existing zoning regulations *and had secured a zoning permit* for the erection thereof."

Plaintiff had filed a bill in equity to set aside said (amendatory) zoning ordinance, the effect of which was to nullify or revoke the zoning permit which, as above stated, had previously been issued to him for the erection of buildings in accordance with the then existing zoning regulations. Plaintiff's bill was dismissed on procedural grounds. The said amendatory ordinance was subsequently invalidated, as the majority opinion in this case recognizes, by the decision of this Court in *Kelly v. Philadelphia*, 382 Pa. 459, 115 A. 2d 238.

Petitioner then filed another (his present) application for a permit to which he was clearly and unquestionably entitled. Nevertheless, plaintiff's present application was refused by the Department of Licenses and Inspections, which refusal was absolutely unjustifiable and illegal. Over a month thereafter, a new ordinance (designed to change the zoning) was introduced in Council and passed six weeks later. Plaintiff had no notice or knowledge of this contemplated Councilmanic action at the time he applied for this second permit. Under these facts and circumstances, plaintiff, as the lower Court held, was clearly and without any doubt entitled to a permit.

The instant case is ruled by *Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections*, 386 Pa. 50, 123 A. 2d 406, and *Shapiro v. Zoning Board of Adjustment*, 377 Pa. 621, 105 A. 2d 299. This case

is clearly distinguishable from *A. J. Aberman, Inc. v. New Kensington,* 377 Pa. 520, 105 A. 2d 586, where the facts were very unusual and "the building permit was not obtained in good faith but merely . . . in an effort to circumvent it [the pending zoning ordinance]."

Mr. Justice MUSMANNO joins in this dissenting opinion.