Lhormer *v.* Bowen, Appellant.

Argued November 13, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Owen B. McManus,* with him *Brandt, Riester, Brandt & Malone,* for appellant.

*Frank W. Ittel,* with him *John H. Demmler,* and *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY MR. JUSTICE EAGEN, March 19, 1963:

This appeal is from the final order below in an action of mandamus directing that the defendant issue to the plaintiffs a building permit for the erection of an automobile service station.

The relevant facts in summary are as follows:

The plaintiffs, owners of land in the borough involved, on February 2, 1962, gave an option to purchase to the Humble Oil and Refining Company, conditioned upon the optionee's securing from the borough a permit to construct a gasoline service station thereon. Subsequently on March 16, 1962, the plaintiffs filed an application for such a permit. As of that date, the property was zoned Commercial District C-2, which zoning classification permitted such a use. The permit was refused on March 19, 1962. This action was instituted on April 5, 1962.

The refusal of the permit was based solely on the ground that when the application was filed, there was then *pending* before council an amending zoning ordinance prohibiting the use of plaintiffs' property for a service station. The facts incident to this facet of the case are these. Early in the year of 1961, the borough council directed its solicitor to prepare an ordinance reclassifying several hundred acres of land in the northwest section of the borough. The plaintiffs' land was included in this area. An ordinance to this effect was prepared and introduced before council on June 12, 1961. No action was taken except to refer it to the borough planning commission for study and review. The commission held many meetings and conferences

on the subject but no public hearings were held or no publication was given of the change contemplated, prior to the filing of its final report with council. On December 11, 1961, the commission submitted a unanimous report to council recommending that the rezoning be legislated. Under the proposed plan, plaintiffs' property, as well as others in the immediate area, was to be reclassified Commercial C-3, which would not permit a gasoline service station use. No determinative action was taken by council until March 12, 1962, when the solicitor was directed to prepare a zoning amendment ordinance in conformity with the commission's recommendations. This ordinance was introduced at the next meeting of council on April 11, 1962. After notice, a public hearing was held, May 7, 1962. The ordinance was finally adopted on May 14, 1962.

The defendant contends that a property owner does not have a vested right to obtain a building permit, when the intended use is repugnant to the terms of an ordinance then *pending* upon the date the application is filed, and which is subsequently enacted. With this, we agree; however, we disagree that the ordinance herein was legally "pending" on the date involved.

In the instant case, no public hearings were held by either the borough planning commission or the borough council prior to the date of the filing of the application for the permit, or the complaint in mandamus. Neither was there a prior public declaration by the municipality that it intended to rezone the area, nor is there evidence to justify a conclusion that the permit was sought in an effort to circumvent the ordinance. Under such circumstances, the ordinance involved was not "pending." *Kline v. Harrisburg,* 362 Pa. 438, 68 A. 2d 182 (1949). The application should have been disposed of in accordance with the law then in effect, or at least pending. See *Shapiro v. Zoning Board of Adjustment,* 377 Pa. 621, 105 A. 2d 299

(1954). The ordinance could not apply retroactively: *Lened Homes, Inc. v. Dep't of Licenses,* 386 Pa. 50, 123 A. 2d 406 (1956).

The cases of *Gold v. Bldg. Comm. of Warren Boro.,* 334 Pa. 10, 5 A. 2d 367 (1939); *A. N. "Ab" Young Co. Zoning Case,* 360 Pa. 429, 61 A. 2d 839 (1948); and, *Aberman, Inc. v. New Kensington,* 377 Pa. 520, 105 A. 2d 586 (1954), are clearly distinguishable in material facts and do not control. In *Gold,* supra, the ordinance had passed two readings in council before the filing of the application. In *Young,* supra, the ordinance had been introduced in council and public notice given before the filing date of the application. In *Aberman,* supra, the commission after public notice held public hearings and then submitted its final report to council recommending the proposed rezoning. The application was filed on the same day the report was filed. The court concluded that the permit was sought not in good faith, but in anticipation of and in an effort to circumvent the ordinance.

Appellant stresses the fact that the plaintiffs having not secured the permit suffered no detriment through expenditures in reliance thereof. This overlooks the fact that the plaintiffs will suffer substantially through the loss of the opportunity to sell the property for a sizeable sum of money. It also ignores that which is very fundamental. As stated in *Lened Homes, Inc. v. Dep't of Licenses,* supra, at page 54: " 'An owner of property is still entitled in Pennsylvania to certain unalienable constitutional rights of liberty and property. These include a right to use his own home [or property] in any way he desires, provided he does not (1) violate any provision of the Federal or State Constitutions; or (2) create a nuisance; or (3) violate any covenant, restriction or easement; or (4) violate any laws or zoning or police regulations which are constitutional.' " See also, *Andress v. Zoning Board,* 410 Pa. 77, 188 A. 2d 709 (1963).

There is another legal reason why this ordinance was ineffectual to further restrict the use of plaintiffs' property. The Act of May 4, 1927, P. L. 519, §3306, 53 P.S. §48306, provides as follows: "In order to avail itself of the powers conferred by this act, the council shall appoint a commission of five citizens, to be known as the Zoning Commission, to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein. Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report and such council shall not hold its public hearings or take action until it has received the final report of such commission. Where a Borough Planning Commission already exists it may be appointed as the Zoning Commission." The unequivocal language of the Act of 1927 requiring public hearings by the commission before submitting its final report to council is mandatory. See *Fierst v. W. P. Mem. Corp.*, 311 Pa. 263, 166 A. 2d 761 (1933); *Kelly v. Phila.*, 382 Pa. 459, 115 A. 2d 238 (1955) and *Schultz v. Phila.*, 385 Pa. 79, 122 A. 2d 279 (1956).

The case of *Shender v. Zoning Board of Adjustment*, 388 Pa. 265, 131 A. 2d 90 (1957), relied upon by the appellant to sustain his contention that the absence of the public hearing by the commission is of no material effect is significantly different. In *Shender*, supra, the city had publicly declared its intention to rezone the area some two years before the relevant application was filed. Such public notice was absent here.

It is further argued that the plaintiffs' right to the issuance of the permit is not so clear as to warrant the issuance of a writ of mandamus. It is true that such a remedy is not a matter of right but, under certain circumstances, is a matter within the sound discretion of the court: *Travis v. Teter*, 370 Pa. 326, 87 A. 2d 177

(1952). By the same token, where the right to the permit is clear, the issuance thereof by the proper official is no more than the performance of a ministerial act which admits of no discretion in the municipal officer, and mandamus is both appropriate and proper to compel performance: *Baldwin Borough v. Matthews,* 394 Pa. 53, 145 A. 2d 698 (1958) ; *Coyne v. Prichard,* 272 Pa. 424, 116 A. 315 (1922) ; and *Herskovits v. Irwin,* 299 Pa. 155, 149 A. 195 (1930).

Order affirmed.