Verratti, Appellant, *v.* Ridley Township.

Argued November 16, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*I. B. Sinclair,* for appellants.

*R. Paul Lessy,* with him *Paul R. Duke,* for appellees.

OPINION BY MR. JUSTICE JONES, January 5, 1965:

Anthony Verratti and his wife and Frank Verratti and his wife, owned, respectively, lots 80 and 81 located in the Third Ward, Ridley Township (Township), Delaware County. On January 6, 1937, the Township adopted a zoning ordinance under the terms

of which Verrattis' lots were zoned "B-Residential". Some years later—April 19, 1950—the Anthony Verrattis, then using lot 81 for the storage of trucks used in a trucking business—a nonconforming use—, applied for a rezoning of lot 81 from "B-Residential" to "Business" and the Township, by ordinance, rezoned that lot. Sometime later—October 3, 1956—Frank Verratti applied for a rezoning of lot 80 from "B-Residential" to "Business", asserting that he wanted to use the lot for the construction of a luncheonette,[1] and the Township, by ordinance, so rezoned that lot. On November 14, 1957, the Township, by ordinance, created a "B-Business" classification under which classification a gasoline service station was a permitted use on lots 80 and 81.

On August 11, 1961, Verrattis[2] granted to Thirty Donuts, Inc. options to purchase their respective lots, said options to expire October 11, 1961. On October 7, 1961, these options were exercised and the date of settlement fixed for January 8, 1962, which date was eventually extended until May 15, 1962. Thirty Donuts, Inc. has agreed to sell the lots to Sibarco Corporation, one of appellants.

On January 23, 1962, Sibarco, through its agent, the Atlantic Refining Company, applied to the Township for a building permit to construct a gasoline service station on lots 80 and 81 and submitted to the Township its proposed building plans. On February 19, 1962, the Township notified the applicants of three additional construction plans and statements which had to be submitted in connection with the application and, on March 9, 1962, a new application for a permit, in compliance with the Township request, was

---

[1] The building constructed, actually, was used not for a luncheonette but for a beer distributing business.

[2] The wife of Anthony Verratti did not join.

submitted. At the time of this application, lots 80 and 81 were zoned "B-Business" under which zoning classification a gasoline service station was a permitted use. Although demanded by applicants, the Township did not act upon this application for a building permit.

In the early part of June, 1962, the applicants were notified of a public hearing to take place before the Board of Commissioners on June 13, 1962 in connection with the rezoning of lots 80 and 81. The time for such hearing was later postponed until June 26, 1962. The record is bare of any evidence as to *when* and *how* public notice of these public hearings was given.[3] On June 26, 1962, the Township rezoned all the properties zoned "B-Business" in the Third ward of the Township, including these lots, to an "A-Business" classification under which classification gasoline service stations were not permitted uses.

On June 13, 1962, applicants filed a mandamus action in the Court of Common Pleas of Delaware County requesting the court to direct the issuance by the Township of a building permit. On June 22, 1962, the court dismissed applicants' motion for summary judgment, permitted the amendment of the mandamus complaint and directed an answer to be filed. On August 15, 1962, an amended complaint was filed and, after issue joined and hearing held, the court, sitting without a jury, found in favor of appellants and against the Township and directed the issuance of the permit. Upon exceptions filed to this decree, the court en banc reversed the trial court, found for the Township against appellants and refused to direct issuance of the permit. From that decree this appeal was taken.

---

[3] Exhibits P-6, P-7, P-8 indicate the *type* of notice given but not the manner of giving such public notice.

Whether mandamus will lie is a matter ordinarily within the sound discretion of the court below *(Lhormer v. Bowen,* 410 Pa. 508, 513, 188 A. 2d 747; *Carver v. Upper Darby Civil Service Commission,* 399 Pa. 498, 161 A. 2d 374; *Travis v. Teter,* 370 Pa. 326, 330, 87 A. 2d 177) and our scope of review is to determine whether the court below abused its discretion.

Mandamus issues only where there is a clear and specific legal right in plaintiff, a corresponding duty in defendant and a want of any other adequate and appropriate remedy. The right which it seeks to protect must be clearly established and the writ is never granted in doubtful cases: *Travis v. Teter,* supra.

In *Hertrick Appeal,* 391 Pa. 148, 137 A. 2d 310, we reviewed the law applicable to the impact of an amendment of a zoning ordinance upon a building permit applied for or issued. In *Hertrick,* we said, inter alia, (p. 153): "We have held that a building permit may be refused if at the time of application there is pending an amendment to a zoning ordinance which would prohibit the use of the land for which the permit is sought. Shender v. Zoning Board of Adjustment, 388 Pa. 265, 131 A. 2d 90 (1957); A. J. Aberman, Inc. v. New Kensington, 377 Pa. 520, 105 A. 2d 586 (1954); Gold v. Building Committee of Warren Borough, 334 Pa. 10, 5 A. 2d 367 (1939); But cf. Kline v. Harrisburg, 362 Pa. 438, 68 A. 2d 182 (1949). Even when an applicant is issued a permit, unless he proceeds in good faith to incur substantial obligations in reliance thereon,[4] the permit may be vacated or revoked because of subsequently adopted amendments to the zoning ordinance which

---

[4] In the case at bar, there is no evidence that appellants, in reliance upon the "B-Business" classification, made any substantial investment or expenditure and there is nothing in this record which would justify the grant of the permit upon this ground.

prohibit the proposed use of the land. A. N. 'Ab' Young Co. Zoning Case, 360 Pa. 429, 61 A. 2d 839 (1948); Herskovits v. Irwin, 299 Pa. 155, 149 Atl. 195 (1930). The rule established by these cases was designed to prevent the creation of what would become a nonconforming use after the effective date of a pending zoning ordinance."

Recently, in *Lhormer v. Bowen,* supra, we were presented with a situation most apposite to the case at bar. In *Lhormer,* the plaintiffs filed an application for a building permit to construct a gasoline service station upon land then zoned "Commercial District C-2", under which classification such use was permitted. The permit was refused on the ground that, at the time the application was filed, there was pending before the council an amendment to the zoning ordinance which would prohibit the use of plaintiffs' property for a service station. An amendment to this effect was finally adopted on May 14, 1962.[5] This Court, speaking through Justice EAGEN, recognized (410 Pa. at p. 511) "that a property owner does not have a vested right to obtain a building permit, when the intended use is repugnant to the terms of an ordinance then *pending* upon the date the application is filed, and which is subsequently enacted." However, the Court held that, under the factual situation therein presented, the ordinance was not legally "pending" on the day of the application for the permit. The Court noted (p. 511) "no public hearings were held by either the borough planning commission or the borough council prior to the date of the filing of the application for the permit, or the complaint in mandamus. Neither was there a prior public declaration by the municipality that it intended to rezone the

---

[5] On March 16, 1962, application for the permit was filed; on March 19, 1962, the permit was refused; on April 5, 1962, the mandamus action was instituted.

area, nor is there evidence to justify a conclusion that the permit was sought in an effort to circumvent the ordinance. Under such circumstances, the ordinance involved was not 'pending'. [citing a case]. The application should have been disposed of in accordance with the law then in effect, or at least pending." It was then noted that (p. 514) "where the right to the permit is clear, the issuance thereof by the proper official is no more than the performance of a ministerial act which admits of no discretion in the municipal officer, and mandamus is both appropriate and proper to compel performance: [citing cases]". In our view, *Lhormer* controls this case and compels the conclusion that mandamus does lie to command the issuance of the permit.

The court below sought to justify its refusal of mandamus upon the ground that the two prior ordinances which had classified the district in which the lots were located as "B-Business" constituted "spot zoning". Such a declaration of the invalidity of these ordinances cannot justify the refusal of the building permit under the existing circumstance. Presumably both these ordinances were valid when passed and no attack had been made on their validity, even though both ordinances had been in effect for over six years. The attack, when made, was by the Township through whose legislative process these ordinances were passed. It ill behooves the Township now to challenge its own legislative actions to defeat the issuance of a building permit when the use sought by the application was clearly a permitted use in conformity with the two ordinances. Cf: *Jacobi v. Zoning Bd. of Adjustment,* 413 Pa. 286, 289, 196 A. 2d 742. Such belated declaration that these ordinances were invalid because they "spot zoned" these lots cannot now justify denial of a building permit under the circumstances.

Judgment reversed.