## Rampart Builders, Inc. v. Smith

*James E. O'Neill,* for plaintiff.

*Lawrence W. MacElree,* for defendant.

RILEY, J., October 3, 1968.—This is an action in mandamus brought by plaintiff against the zoning officer of the Borough of West Chester to compel the issuance of a building permit for an apartment complex within the borough. The facts relevant to the action appear to be that under the borough ordinance of 1939 the tract in question was in an A residence district and plaintiff's predecessor in title, Daniel Wolf, applied for a permit under that ordinance January 28, 1966, for an apartment complex and the permit was refused. An appeal was taken to the board of adjustment and then to this court and this court held that under proper construction of the terms of the ordinance of 1939 apartments were permitted on the tract and reversed the decision of the board of adjustment rendered April 28, 1966, which had sustained the zoning officer's refusal. After the decision of the zoning board and prior to the opinion of this court, a completely revised ordinance was passed by the borough council August 23, 1966, in which apartments on the subject tract were clearly prohibited. Since the application had been filed eight months prior to the new ordinance, in accord with Lhormer v. Bowen, 410 Pa. 508, neither the pendency of the new ordinance nor the passage before the decision of this court was raised in the Wolf Appeal and that opinion was confined solely to the interpretation of the ordinance of 1939. Following the decision of this court a taxpayer applied for allowance of an appeal to the Supreme Court which was denied by that court on December 13, 1966. After the termination of the appeal by Wolf no request, application, or demand for issuance of the permit was made by Wolf. On January 5, 1968, the present plaintiff purchased the tract in

question from Wolf and on April 29, 1968, it applied for a permit to build apartments on the tract, now forbidden by the general zoning revision enacted in August of 1966.

These were the facts before the zoning officer when plaintiff, Rampart Builders, Inc., submitted its application for a permit and, such use being prohibited by the ordinance then in force, and which had been in force for some 20 months prior to the application, the zoning officer refused to issue the permit. Plaintiff has brought this mandamus action against the zoning officer to compel him to issue the permit. In this action we must sustain the action of the zoning officer and dismiss the mandamus action.

Mandamus is an extraordinary remedy and only effective when the right to the action sought is absolutely clear. The Borough Code of February 1, 1966, P. L. 1656, sec. 3207 (d), 53 PS §48207, provides: "Appeals to the board of adjustment may be taken by any person aggrieved or by any officer of the borough affected by any decision of the administrative officer"; and subsection (g) provides: "The board of adjustment shall have the following powers: (1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this article or of any ordinance adopted pursuant thereto". There is a clear and precise statutory procedure and remedy provided for the determination of error in the refusal of a permit if this section is to have any legislative meaning at all. Subsection (i), to make the remedy complete, provides for appeals to the court of common pleas from any decision of the board of adjustment. The law is equally clear that where the legislature provides a statutory procedure and remedy, it must be followed. In Schwab v. Potts-

town Borough, 407 Pa. 531, at 534, Justice Cohen points out, reiterated by Justice O'Brien in Mahan v. Lower Merion Township, 418 Pa. 558, "It is a commonplace that where the legislature has provided a remedy or procedure, that remedy or procedure is exclusive and alone must be pursued". Such principle has been applied to zoning ordinances and the procedure of appeals therein provided: Smith v. Zoning Board of Adjustment, 407 Pa. 122; Salisbury Township v. Sun Oil Company, 406 Pa. 604, and was held applicable in Lewis v. Emmott, 385 Pa. 336, to prohibiting a mandamus action where an alleged nonconforming use was involved in the refusal to issue a permit.

An exception to this principle has been recognized in zoning cases to compel issuance of permits, but this exception is carefully limited to those cases where the right to a permit is eminently clear and the refusal arbitrary and obviously erroneous upon the part of the administrative officer. In Commercial Properties, Inc. v. Peternel, 418 Pa. 304, in sustaining the use of the exception, Justice Eagen states at 309; "Initially we observe that mandamus is an extraordinary remedy which can issue only when plaintiffs have a clear legal right to the performance of a ministerial act by the defendant, whose duty it is to perform that act. . . . Thus, the question resolves itself into the simple matter of whether or not the plaintiffs had a clear legal right to the issuance of the requested permits". Again Justice Jones states in Verratti v. Ridley Township, 416 Pa. 242, at 246, "Mandamus issues only where there is a clear and specific legal right in plaintiff, a corresponding duty in defendant and a want of any other adequate and appropriate remedy. The right which it seeks to protect must be clearly established and the *writ is never granted in doubtful cases*". (Italics supplied.) It is obvious from the principles cited that the procedure established by statute

relative to the determination of error on the part of a zoning officer must be followed and that the extraordinary remedy of mandamus, bypassing the statutory procedure, is available only in a clear case where the right asserted is free from doubt. Such is not this case.

It seems most clear to us that under the facts and the ordinance before him, it was the undeniable duty of the zoning officer in the proper performance of his office to refuse to issue the requested permit. He was presented with an application for a permit in April of 1968 to erect an apartment complex upon a tract of ground in a district where such erection was clearly and undeniably prohibited by the then effective zoning ordinance which had been in effect for at least 20 months prior to the application. It certainly was not his duty as an administrative officer to investigate and evaluate the various facts and legal ramifications which plaintiff contends entitle him to a permit. The zoning officer's duty was to issue or refuse to issue the permit according to the clear mandates of the ordinance governing his actions. If there are facts and circumstances, not before him, which might entitle to deviation from the clear prohibitions of the ordinance, such as, for example, contentions of nonconforming use, as in Lewis v. Ammott, 385 Pa. 336, supra, or some multiplication of circumstances allegedly making the provisions peculiarly inapplicable, such determinations are to be made by the board of adjustment so designated by the legislature. The statutory remedy should not be lightly disregarded. Even were he to relate this application to that of Wolf some two years earlier, the most he would discover would be that in an application for a permit made under the old ordinance a proper interpretation would permit an apartment house on the tract. No such permit was in fact issued under the old ordinance nor subsequently

requested by Wolf and the officer was confronted with an application by a new owner some 20 months after the new ordinance became effective. It is just not a zoning officer's function to correlate facts not before him, formulate and pass legal judgment to the effect that the clear provisions of the ordinance he is to enforce are not applicable. And this is exactly what plaintiff says that he should have done and therefore requested an order of this court by way of mandamus to compel him to do it. If this be the law all applicants refused permits might just as well ignore the required appeal procedure through the legislatively established board of adjustment and place all appeals directly into the common pleas court by the process of a mandamus action. We believe the issue of choice of procedure to be of a serious one and that the expansion of mandamus in substitution for a statutory remedy should not be permitted to include a case of this character.

Plaintiff contends that the zoning officer should have taken into account, although not before him, an alleged series of conferences between Wolf and certain borough officials protracted over many months relating to the size of sewer lines into the property as well as a conference by plaintiff with the borough engineer and judicially evaluated them in relation to avoidance of the terms of the present ordinance. We do not deem such to be the function of the zoning officer nor should it be so. To so determine would establish a very dangerous precedent and one not previously countenanced in the law. In this regard we must note that plaintiff's counsel, although specifically requested and with several months to do so, has failed to furnish any brief or cite to us any legal authorities whatever in support of right to mandamus action or even more importantly a right to a permit with

all facts considered. Frankly we are not certain what the contentions of plaintiff are on the merits without a brief or legal position before us. We have only the oral contention that our decision interpreting the former ordinance to allow apartments on this tract renders the duty of the zoning officer to issue a permit to this new owner 20 months after the enactment of a new ordinance clear and free from doubt. With this contention we disagree.

In determining the disposition of the mandamus action before us we find that the clear duty of the zoning officer under the application presented to him was to refuse issuance of the permit. The officer did in fact perform his duty. Further we find that plaintiff's right to a permit, far from being clear, was and is quite doubtful all circumstances considered including those presented before us. We do, therefore, find that plaintiff has not established its right to a judgment in mandamus and do hereby render judgment in favor of defendant in this action.