**Walrath v. Fisher**

*Lawrence E. MacElree,* for plaintiff.

*Eric S. Coates,* for defendant.

SHELLEY, J., Specially Presiding, August 10, 1971.—The matter is before us on plaintiff's complaint in mandamus wherein plaintiff "requests that the court order the defendant to issue to plaintiff a building permit in accordance with plaintiff's application."

On February 25, 1971, plaintiff filed an application for a building permit with the above named township secretary of East Nottingham Township on a form provided by the said township secretary in accordance

with an ordinance then in force. The ordinance provides as follows:

"Section 3—Issuance of permit

"a. Upon receipt of each application, the Secretary shall within three (3) days, review the application to ascertain whether or not the application is in proper form in accordance with Section 2 of this Ordinance.

"b. If the Secretary determines that the application for a permit is in proper form, he shall forthwith issue a permit for such construction or alterations."

On April 4, 1971, plaintiff was orally advised that the building permit would not be issued because the construction of the proposed building was not consistent with a proposed zoning ordinance for East Nottingham Township. The Board of Supervisors of East Nottingham Township approved the comprehensive plan for the township on August 10, 1970. On April 7, 1971, public notice was given by publication by the *Township Planning Commission* [1] that a public hearing would be held on April 14, 1971, to consider a proposal for a zoning ordinance for the township. The supervisors have not adopted any zoning ordinance nor has there been any public notice given that the supervisors were considering the adoption of a zoning ordinance.

Plaintiff has not received any notice or suggestion that plaintiff's application for a building permit was not in proper form in accordance with section 2 of the township ordinance referred to above.

Plaintiff in October of 1970 purchased the property for which she applied for the building permit for the purpose of developing the same. Plaintiff has also arranged for financing and for architectural and engineering services incidental to the proposed building.

---

[1] Italics supplied.

This case is ruled by Freidberg v. London Grove Township, 19 Chest. R. 42 (1971). In Freidberg an application for a permit for a trailer sales lot was made on August 15, 1968. The application was refused on September 12, 1969. Notice of a public hearing to consider an amendment to the zoning ordinance was given by publication on September 24, 1969, and the amended zoning ordinance was adopted on October 6, 1969. This court, speaking through Judge Marrone, reversed the refusal of the Zoning Administration Officer to issue a permit for the trailer sales facility on the grounds "that there was no pending ordinance."

In the instant case the application for a permit was filed on February 25, 1971. The application was refused on April 4, 1971, and as of June 16, 1971, the date of the last hearing before us in the matter, the township supervisors had not given any public notice of any public hearing relative to the enactment of a zoning ordinance. Consequently at the time plaintiff requested the issuance of a permit there was no zoning ordinance pending in East Nottingham Township.

It must be observed that before specific legislative authority to zone was given to municipalities, they did not have the authority under their general powers to enact zoning ordinances; that the legislatures then gave them the power to enact zoning ordinances but specifically set forth what they *shall* do *before* they impose any regulations or restrictions. It is our opinion that the municipalities must comply with the provisions of the statute relating to zoning before they can enact any zoning restrictions.

Mandamus is the proper remedy. Plaintiff is entitled to a mandamus because there is a clear legal right existing in plaintiff and a corresponding duty on the part of defendant which is ministerial in na-

712

ture and where there is no other adequate, appropriate and specific remedy. The township ordinance dealing with building permits, part of which is set forth above, provides that the township secretary "shall forthwith issue a permit" when the application is in proper form. It is admitted in defendant's answer that the application for a building permit was in proper form and filed in accordance with applicable township regulations. Accordingly, the township secretary had a duty to issue the permit. Plaintiff has no other adequate, appropriate or specific remedy: Connus v. Pennington, 17 Chest. R. 300 (1969); Verratti v. Ridley Township, 416 Pa. 242 (1965).

Accordingly, we hold that plaintiff is entitled to the permit for which she has applied and we make the following

### ORDER

And now, August 10, 1971, judgment in mandamus is entered in favor of plaintiff and against defendant; said defendant is ordered and directed to issue building permit in accordance with the application of plaintiff made in said cause upon the payment of proper fee.