# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arrowhead ECD Properties, LLC,  :
      Appellant   :
          :
    v.      :
          :
Zoning Hearing Board of West  :
Pikeland Township     :
          :
    v.      :
          : No. 452 C.D. 2022
Mary Patricia Brandolini   : Submitted: March 10, 2023


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE STACY WALLACE, Judge

OPINION BY
JUDGE COVEY         FILED: August 11, 2023


   Arrowhead ECD Properties, LLC (Arrowhead) appeals from the Chester County Common Pleas Court's (trial court) March 28, 2022 order denying Arrowhead's appeal from the West Pikeland Township (Township) Zoning Hearing Board's (ZHB) decision that the ZHB lacked jurisdiction under Section 909.1 of the Pennsylvania Municipalities Planning Code (MPC)[1] to review a permit (Permit) issued pursuant to a mandamus order (Mandamus Order). Arrowhead presents three issues for this Court's review: (1) whether the trial court erred by refusing to vacate the Mandamus Order and strike it as void; (2) whether the trial court erred by refusing to comply with a mandatory duty to correct its own records and set aside

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1 (relating to jurisdiction).

Intervenor Mary Patricia Brandolini's (Brandolini) Permit; and (3) whether the trial court erred by denying the appeal. After review, this Court affirms.

Arrowhead and Brandolini own adjacent parcels of property, with Brandolini's property benefiting from, *inter alia*, an appurtenant access easement across Arrowhead's property consisting of an unimproved farm driveway (Access Easement). A December 16, 1975 deed recorded in Chester County Book 47, page 262, created the Access Easement. Brandolini purchased her property on June 17, 2014. Arrowhead acquired its property on June 30, 2018. Accordingly, Arrowhead was on notice of the Access Easement prior to the purchase of its property.

On June 11, 2019, Brandolini filed a Driveway Permit Application and an Application for Earthmoving Permit with the Township over the Arrowhead Property, which is where the proposed driveway would be located (collectively, Applications). On June 28, 2019, the Township denied the Applications. On May 14, 2020, Brandolini filed a Complaint in Mandamus against the Township, Township Manager James Wendelgass, and Barry Isett and Associates, Inc.,[2] in the trial court. Therein, Brandolini requested, in relevant part, that the trial court grant judgment in her favor and against the Township, and issue an order directing the Township Manager, Code Enforcement Officer, or Zoning Officer to immediately issue the Permit to her. On or about May 20, 2020, Brandolini filed a Motion for Peremptory Judgment in Mandamus in the trial court. On October 14, 2020, the trial court entered Peremptory Judgment in Mandamus.[3] Brandolini did not join Arrowhead, and Arrowhead did not intervene, in the mandamus action before the

---

[2] Barry Isett and Associates, Inc. hires the Township's Zoning Officers. Thus, Brandolini named it in the action, rather than identifying a specific zoning officer.

[3] Because the Township issued an incorrect permit in response thereto, on February 22, 2021, the trial court issued the Mandamus Order clarifying the correct permit to be issued, which subsumed its initial mandamus order.

trial court, and no party appealed from the Mandamus Order to this Court. The Township issued the Permit pursuant to the Mandamus Order.

Arrowhead appealed from the Township's Permit issuance to the ZHB. Specifically, Arrowhead sought from the ZHB a determination that the Permit was issued in error and a revocation of the Permit. Brandolini filed a motion to quash the appeal, therein arguing that the ZHB lacked jurisdiction to grant Arrowhead's requested relief because the Permit was issued in accordance with the Mandamus Order. The ZHB quashed and dismissed Arrowhead's appeal for lack of jurisdiction. Arrowhead appealed to the trial court. On March 28, 2022, the trial court denied Arrowhead's appeal. Arrowhead appealed to this Court.[4, 5]

Initially, "the law is clear that 'a zoning hearing board's authority is defined by the [MPC], and the zoning ordinance.'" *W.J. Menkins Holdings, LLC v. Douglass Twp.*, 208 A.3d 190, 194 (Pa. Cmwlth. 2019) (quoting *HHI Trucking & Supply, Inc. v. Borough Council of Borough of Oakmont*, 990 A.2d 152, 160-61 (Pa. Cmwlth. 2010)). Section 909.1 of the MPC provides, in relevant part:

---

[4] "Appellate review of a decision of a zoning hearing board, where the trial court does not take any additional evidence, is limited to determining whether the [zoning hearing] board abused its discretion or committed an error of law." *Omatick v. Cecil Twp. Zoning Hearing Bd.*, 286 A.3d 413, 419 n.9 (Pa. Cmwlth. 2022) (quoting *Friends of Lackawanna v. Dunmore Borough Zoning Hearing Bd.*, 186 A.3d 525, 531 n.6 (Pa. Cmwlth. 2018)).

[5] On July 7, 2022, Arrowhead filed an Application for Relief Requesting this Court to Direct the Chester County Prothonotary to Certify and Transmit the Record made in the Mandamus Action, Chester Docket No. 2020-034406-MJ, for this Court's Reference in the Instant Appeal. On July 21, 2022, Arrowhead filed an Application for Relief requesting this Court to enjoin Brandolini from commencing construction of an impervious paved driveway with stormwater controls on Arrowhead's property. On July 26, 2022, this Court denied the Application for Relief pursuant to Pennsylvania Rule of Appellate Procedure 1732(b) (relating to contents of application for stay or injunction). On October 13, 2022, Brandolini filed a Motion to Quash the Appeal as Moot (Motion to Quash). On October 20, 2022, the ZHB joined the Motion to Quash. On November 1, 2022, this Court directed that the Motion to Quash be listed with the merits of this appeal.

(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

(1) Substantive challenges to the validity of any land use ordinance, except those brought before the governing body pursuant to [S]ections 609.1 and 916.1(a)(2) [of the MPC, 53 P.S. §§ 10609.1[6] (relating to the procedure for landowner curative amendments), 10916.1(a)(2)[7] (relating to the validity of an ordinance)].

. . . .

(3) **Appeals from *the determination of the zoning officer*, including**, but not limited to, **the granting or denial of any permit**, or failure to act on the application therefor, the issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot.

53 P.S. § 10909.1 (italic and bold emphasis added).[8] The MPC defines a "determination" as a "final action by an officer, body or agency charged with the administration of any land use ordinance or applications thereunder . . . ." Section 107(b) of the MPC, 53 P.S. § 10107(b).

However, Section 910.1 of the MPC states: "Nothing contained in this article shall be construed to deny the appellant the right to proceed directly to court where appropriate, pursuant to [] Pennsylvania Rule[] of Civil Procedure [] 1091 (relating to action in mandamus)." 53 P.S. § 10910.1.[9] Significantly,

> [i]n *Lhormer v. Bowen*, . . . 188 A.2d 747, 749-[]50 ([Pa.] 1963), th[e Pennsylvania Supreme] Court clearly prescribed mandamus as an appropriate means by which

---

[6] Added by Section 10 of the Act of June 1, 1972, P.L. 333.

[7] Added by Section 99 of the Act of December 21, 1988, P.L. 1329.

[8] Section 1503.B.3 of the Township's Zoning Ordinance ("Purpose and Jurisdiction") essentially mirrors Section 909.1(a)(3) of the MPC. *See* https://www.westpikeland.com/_files/ugd/55f982_1992f1e9e1c64b318b33fd0f65de4ad6.pdf (westpikeland.com) (last visited Aug. 10, 2023).

[9] Added by Section 89 of the Act of December 21, 1988, P.L. 1329.

to secure issuance of such permits: "[W]here the right to the [] permit is clear, **the issuance thereof by the proper official is no more than the performance of a ministerial act which admits of no discretion in the municipal officer**, and mandamus is both appropriate and proper to compel performance." *See also Vagnoni v. Bridgeport Borough Council*, . . . 218 A.2d 235 ([Pa.] 1966); *Com[.] [Props.], Inc. v. Peternel*, . . . 211 A.2d 514 ([Pa.] 1965); *Verrati v. Ridley T[wp.]*, . . . 206 A.2d 13 ([Pa.] 1965).

*Lindy Homes, Inc. v. Sabatini*, 453 A.2d 972, 481 (Pa. 1982) (emphasis added).

Here, the Township issued the Permit pursuant to the Mandamus Order, not a zoning officer's determination. Because zoning hearing boards can only act on authority granted to them by the MPC and the zoning ordinance, *see Douglass Twp.* (quoting *HHI Trucking & Supply, Inc.*), and the MPC does not authorize the ZHB to review a permit issued pursuant to a mandamus order, *see* 53 P.S. § 10909.1, the ZHB lacked jurisdiction to rule on Arrowhead's appeal.[10]

For all of the above reasons, the trial court's order is affirmed.[11]

_____
ANNE E. COVEY, Judge

---

[10] Given this Court's disposition, Arrowhead's Application for Relief Requesting this Court to Direct the Chester County Prothonotary to Certify and Transmit the Record made in the Mandamus Action, Chester Docket No. 2020-034406-MJ, for this Court's Reference in the Instant Appeal, and Brandolini's Motion to Quash are dismissed as moot.

[11] This Court notes that while the trial court properly concluded that Arrowhead's appeal before the ZHB and to the trial court was an improper collateral attack on the Mandamus Order, the trial court should have affirmed the ZHB's decision that it lacked jurisdiction, rather than deny the appeal.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arrowhead ECD Properties, LLC,      :
           Appellant                :
                                      :
          v.                    :
                                      :
Zoning Hearing Board of West        :
Pikeland Township                     :
                                      :
          v.                    :
                                      :    No. 452 C.D. 2022
Mary Patricia Brandolini           :

## O R D E R

AND NOW, this 11th day of August, 2023, the Chester County Common Pleas Court's March 28, 2022 order is AFFIRMED.

Arrowhead ECD Properties, LLC's Application for Relief Requesting this Court to Direct the Chester County Prothonotary to Certify and Transmit the Record made in the Mandamus Action, Chester Docket No. 2020-034406-MJ, for this Court's Reference in the Instant Appeal, and Mary Patricia Brandolini's Motion to Quash Appeal as Moot are DISMISSED as moot.

 

_____
ANNE E. COVEY, Judge